## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Glenn E. Smith, Jr.

February 5, 1982

Case No. F-81-2213

By JUDGE EDWARD L. RYAN, JR.

The indictment charges that "on or about July 1, 1980, and until September 14, 1981," the defendant conspired with others. Defendant says the chronology is so vague that he is entitled to clarification as demanded in his motion for a bill of particulars.

Unquestionably, indictments must recite that the offense was committed on or about a certain date; however, flexibility is permitted and the indictment is not defective if it omits to state, or states imperfectly, the time the offense was committed, *unless time is of the essence of the offense.* Code § 19.2-266(6). Indeed, the Commonwealth may prove the commission of the crime charged on a date different from that alleged, and still sustain a conviction. *Passanello v. Comm.,* 206 Va. 640 (1965); *Parish v. Comm.,* 206 Va. 627 (1965). In *Waitt v. Comm.,* 207 Va. 230 (1966), *defendant was charged with the rape of a young girl within a sixteen-month period*; the bill of particulars stated that the offense occurred between one and three o'clock on a Sunday afternoon *in the month of either January or February 1964. Held, offense sufficiently charged and indictment valid.*

*The defendant is not entitled to seek and secure purely factual information in the nature of evidence on a motion for a bill of particulars.* The function of such a bill is to supply additional information concerning an *accusation.* "The decisive consideration in each case is whether the matter claimed to be left out of the indict-

ment has resulted in depriving an accused of a substantial right *and subjects him to the danger of being tried upon a charge for which he has not been indicted."* *Tasker v. Comm.,* 202 Va. 1019 (1961).

Prior to the adoption of the discovery procedures in the Rules of Court, many litigants, civil as well as criminal, attempted to secure *evidence* on a motion for a bill of particulars. *This was never allowed;* all that was ever granted was a recital of general particulars that stated a cause of action.

The Commonwealth has agreed to answer No. 1 of the motion, "where the conspiracy was formed" in No. 2 and "where it came into existence" in No. 3, the "time, place and date" of No. 5, but refuses to answer any other parts of the motion.

The court will not require the Commonwealth to answer further because the motion-questions seek pure information.

### *Discovery*

The Commonwealth has agreed to furnish defendant Nos. 2, 3, 4 and 5 of the motion for discovery. As to No. 1, the defendant should be furnished any statements made by co-conspirators *excepting* any such statements made to agents of the Commonwealth.

Also, the Commonwealth shall furnish defendant with any favorable or exculpatory material within its possession, but the Commonwealth shall not be required to investigate and develop such information solely to meet defendant's request.

All such discovery shall conform to the provisions and limitations set out in Rule 3A:14.